UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-1476 DMG (CWx)** | Date | April 29, 2014 |
|---|---|---|---|

| Title | ***U.S. Bank National Association v. Amy Redman, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT [Doc. # 7]**

On November 4, 2013, Plaintiff U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage pass-through certificates series 2007-HY4 Trust ("U.S. Bank National") filed a Complaint for unlawful detainer in Los Angeles County Superior Court. [Doc. # 1, at 35-39.] On February 27, 2014, *pro se* Defendant Amy Redman removed the action to this Court on the basis of federal question and diversity jurisdiction under 28 U.S.C. §§ 1331, 1332, among other federal statutes. [Doc. # 1.]

On March 17, 2014, U.S. Bank National filed a motion to remand. [Doc. # 7.] On April 4, 2014, Redman filed an opposition. [Doc. # 9.] On April 10, 2014, U.S. Bank National filed a reply. [Doc. # 10.]

The "well-pleaded complaint" rule requires a federal question to be present on the face of the complaint at the time of removal for federal question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

In the Notice of Removal, Redman asserts that the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331 because her rights under the Constitution and various federal statutes are being violated by California unlawful detainer laws. (Not. of Removal at 2-

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-1476 DMG (CWx)** | Date | April 29, 2014 |
| Title | *U.S. Bank National Association v. Amy Redman, et al.* | Page | 2 of 2 |

28; Opp'n at 6-9.)  The Complaint, however, states no facts to support a federal question on its face, and the possibility of a defense under federal law is insufficient to create subject matter jurisdiction.  *See Vaden*, 556 U.S. at 60.

      Nor has Redman demonstrated that the Court has diversity jurisdiction over this action.  U.S. Bank National's Complaint alleges that the amount in controversy does not exceed $10,000—well below the $75,000 minimum amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a), and the Notice of Removal does not allege that the amount in controversy is greater than $10,000.  Moreover, Redman explicitly disavows that she removed the action on the basis of diversity jurisdiction.  (Opp'n at 5.)

      In light of the foregoing, this action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**